### EQUITABLE TRUST CO. OF NEW YORK y. CHILDS et al.

(Supreme Court, Special Term, Orleans County. July, 1913.)

1. RECEIVERS (§ 142*)—SALES—PAYMENT OF BID—LIABILITY OF PURCHASER.

    Where, on a judicial sale of the property of a gas company, the purchaser was directed to pay a specified amount to the company's receiver, with which to pay certain items of indebtedness, including taxes, which were liens on the property, in order that it could be turned over to the purchaser free from claims and incumbrances, and it subsequently appeared that the receiver, in computing the amount necessary for this purpose, made a mistake, and that a larger amount was required, the purchaser, who had paid all that he agreed to pay, could not be charged with the deficiency, and it would be charged against the party who made the mistake.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 248–251; Dec. Dig. § 142.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    143 N.Y.S.—2

2. RECEIVERS (§ 204*)—DISCHARGE.
     Under such circumstances the receiver would not be discharged, or his
     bond canceled, until he had made the payments as required by the order
     directing the purchaser to pay such sum to the receiver.
     [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 319, 407, 408;
     Dec. Dig. § 204.*]

Action by the Equitable Trust Company of New York against Milford W. Childs, as permanent receiver of the Medina Gas Company, and another. On application to open and modify an order previously made. Motion denied.

BISSELL, J. [1, 2] This is an application by the defendant Milford W. Childs, as receiver, etc., for an order to open, amend, and modify an order heretofore made in the above-entitled action by Hon. Warren B. Hooker, Justice presiding, on the 10th day of January, 1913, which provided for the payment of a specified amount in cash to the said Milford W. Childs, as receiver, by the purchaser at a public sale of the property of the Medina Gas Company, the said specified amount of cash to be used by the said receiver for the payment of certain specified items of indebtedness, including taxes, which were liens upon the property of the Medina Gas Company, for the purpose of turning the plant of the Medina Gas Company over to the said purchaser free from all claims and incumbrances, except a mortgage securing certain bonds.

It appears that a mistake was made in the proofs of amounts actually due for certain taxes, and that the total amount specified in the order made by Mr. Justice Hooker was not sufficient to pay all of the items of the taxes in full, for the reason that additions had been made to such amounts through the existence of tax sales which were not ascertained and added to the amounts at the time the proofs were made, and therefore the said amounts were not correctly proved before the referee, and that an item of $36.41, ordered to be paid to Thomas A. Kirby, one of the attorneys has not been paid, because the funds in the hands of the receiver were not sufficient to pay said amount and the taxes in full, as aforesaid.

The purchaser at the public sale should not, and cannot, be charged with these items. He has paid all that he agreed to pay when he purchased the property at the public sale. Whatever loss there may be, due to a mistake in computation, or in ascertaining and proving the amounts due, should be charged against the party who made the mistake. The failure to ascertain and prove the amount due was apparently due to the receiver above named, and he cannot, therefore, be discharged, and his bond canceled, until he has performed the duties devolved upon him pursuant to the said order of Mr. Justice Hooker. As soon as he has paid in full the taxes, so that the property shall be free from the lien of those taxes as ordered, and the item to the attorney above mentioned, he will be entitled to an order discharging him as receiver, and canceling his bond.

The motion to open, amend, and modify said order is denied, with $10 costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes